COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:          Brandon Derrail Evans v. The State of Texas

Appellate case number:      01-14-00345-CR

Trial court case number:    13-CR-1338

Trial court:                212th District Court of Galveston County

The complete record was filed in this appeal on May 13, 2014. Appellant's brief, therefore, was due on June 12, 2014. *See* TEX. R. APP. P. 38.6(a). On June 25, 2014, the Clerk of this Court notified appellant that the time for filing his brief had expired and that this case would be abated for a hearing pursuant to Texas Rule of Appellate Procedure 38.8(b) if a brief was not filed by July 7, 2014. *See* TEX. R. APP. P. 38.8(b)(2), (3). Nevertheless, appellant's appointed counsel, Winston E. Cochran, Jr., did not respond to our notice and has not filed a brief on appellant's behalf.

We, therefore, abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Galveston County District Attorney's Office and appellant's counsel, Winston E. Cochran, Jr., shall be present. *See* TEX. R. APP. P. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[*] The trial court shall have a court reporter record the hearing.

---

[*]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The trial court is directed to:

(1)    determine whether appellant wishes to prosecute the appeal;

(2)    if appellant wishes to prosecute the appeal, determine whether good cause exists to relieve Winston E. Cochran, Jr. of his duties as appellant's counsel;

(3)    if good cause exists, enter a written order relieving Winston E. Cochran, Jr. of his duties as appellant's counsel, including in the order the basis for and finding of good cause, and appoint substitute appellate counsel at no expense to appellant;

(4)    make any other findings and recommendations the trial court deems appropriate; and

(5)    enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2013); TEX. R. APP. P. 38.8(b).

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 30 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ <u>Michael Massengale</u>
☑ Acting individually    ☐ Acting for the Court

Date: October 9, 2014